UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTIAN HERNANDEZ**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: CIV-24-1244-JD ) |
| **CAPITAL ONE**, | ) ) |
| Defendant. | ) |

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1441(a) AND 1331 (FEDERAL QUESTION)**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA:

PLEASE TAKE NOTICE that Defendant Capital One, N.A., erroneously sued herein as "Capital One" (hereinafter "Capital One"), hereby invokes this Court's jurisdiction, under the provisions of 28 U.S.C. §§ 1441(a) and 1331, and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**I.    JURISDICTION**

1. Capital One specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiff Christian Hernandez ("Plaintiff") alleges a cause of action arising under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. §§ 1601, *et seq.*

**II.    STATEMENT OF THE CASE**

2. On October 25, 2024, Plaintiff filed his Complaint ("Complaint") in the District Court of Stephens County, designated as Case No. CJ-24-138 ("Action").

3. In the Complaint, Plaintiff alleges that Capital One violated 15 U.S.C. § 1615, which part of the CCPA. [Exhibit 2, Complaint at p. 3.]

## III. BASIS FOR REMOVAL

4. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges that Capital One violated the CCPA, which is a law of the United States. Thus, the adjudication of Plaintiff's Complaint requires an analysis and construction of federal law.

5. This Action may be removed to this Court by Capital One pursuant to 28 U.S.C. §§ 1441(a) and 1331 because this Court would have had original jurisdiction founded on Plaintiff's claims arising under the CCPA.

6. Further, pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over any state law cause of action that Plaintiff may allege in the future because they will inevitably appear "so related to claims in the action with such original jurisdiction that they form part of the same case or controversy."

## IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

7. <u>Removal is timely</u>. 28 U.S.C. §1446(b) provides that a notice of removal must be "filed within thirty [30] days after receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b). It is well established that the date of "receipt" is interpreted to mean the date by which formal service is effectuated. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) (holding that receipt of a pleading by a method of delivery that did not formally effectuate service did not trigger the removal clock and explaining that "the defendant's period for removal will be no less than 30 days from service"). Here, Plaintiff served Capital One with the Summons and Complaint on October 29, 2024 such that this removal is timely. [Exhibit 2.]

8. <u>Removal to Proper Court</u>.  Venue lies in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1441(a) because the Action was filed in this District.

9. <u>Consent to Removal</u>.  Capital One is the only named Defendant in this action.

10. <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders received by Capital One in the Action are attached hereto as **Exhibit 2**.  Additionally, pursuant to LCvR81.2, a true and correct copy of the state court docket sheet is attached hereto as **Exhibit 1**.

11. <u>Notice</u>.  Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff.  Capital One will also promptly file a copy of this Notice with the Clerk of the District Court of Stephens County, Oklahoma.

**WHEREFORE** Capital One prays that the Action now pending against it in the District Court of Stephens County, Oklahoma be removed therefrom to this Court.

Dated: November 29, 2024            Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 /s/    David Herrold
　　　　　　　　　　　　　　　　　　　David H. Herrold, OBA No. 17053
　　　　　　　　　　　　　　　　　　　BURKE BOGDANOWICZ PLLC
　　　　　　　　　　　　　　　　　　　1201 Elm Street, Suite 4000
　　　　　　　　　　　　　　　　　　　Dallas, Texas 75270
　　　　　　　　　　　　　　　　　　　Tel. (214) 473-5985
　　　　　　　　　　　　　　　　　　　E-mail: dherrold@burkebog.com

　　　　　　　　　　　　　　　　　　　**Attorneys for Defendant,**
　　　　　　　　　　　　　　　　　　　**CAPITAL ONE, N.A.**

CERTIFICATE OF SERVICE

    The undersigned certifies that on December 2, 2024, he caused a true and correct copy of the above and foregoing instrument to be deposited into the U.S. Mails, all postage prepaid thereon, addressed to:

Christian Hernandez, *pro se*
176804 Lakeside Drive
Duncan, OK 73533

                                               s/David Herrold