IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **Plaintiff Information:** | ) | |
| **CHRISTIAN HERNANDEZ** | ) | |
| 176804 Lakeside Dr. | ) | |
| Duncan, Oklahoma 73533 | ) | |
| | ) | Case No. CIV-24-01244-JD |
| VS. | ) | |
| | ) | Judge: Jodi W. Dishman |
| **Defendant Information:** | ) | |
| **CAPITAL ONE, N.A.** | ) | |
| 1680 Capital One Dr. | ) | |
| McLean, Virginia 22102 | ) | |

## AMENDED COMPLAINT

Pursuant to Federal Rules Civil Procedure 15(a)(1)(B) I am hereby amending the original complaint, (a) AMENDMENTS BEFORE TRIAL. (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than: (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

1.  Plaintiff CHRISTIAN HERNANDEZ is a resident within The State of Oklahoma.

2.  Defendant CAPITAL ONE, N.A. is a business entity registered to do business in The State of Oklahoma.

3. This action is for Breach of Contract. This is being filed In The United States District Court For The Western District of Oklahoma with the proper venue and jurisdiction due to the fact that it falls under Federal Question.

4. On October 2nd, 2019 Plaintiff CHRISTIAN HERNANDEZ entered a consumer credit transaction involving a credit sale with Defendant CAPITAL ONE, N.A. (See attached contract labeled Exhibit A).

5. Plaintiff CHRISTIAN HERNANDEZ agent, Hernandez, Christian-F tendered negotiable instruments on behalf of plaintiff sent to plaintiff CHRISTIAN HERNANDEZ from defendant CAPITAL ONE, N.A. in the cash-equivalent of Twenty Thousand Four Hundred Twenty Two and 82/100 Dollars ($20,422.82) with accord and satisfaction per the contract, along with my Power of Authority/Attorney, on March 27, 2024, leaving defendant CAPITAL ONE, N.A with an obligation to apply those negotiable instruments to plaintiffs account pursuant to the contract. (See attachments labeled Exhibit A,B,M & P).

6. The Defendant CAPITAL ONE, N.A. received instruction pertaining to plaintiff CHRISTIAN HERNANDEZ balance and where to transfer the plaintiff CHRISTIAN HERNANDEZ balance within 5 business days from return receipt. (See attachment labeled Exhibit B&K).

7. The Defendant CAPITAL ONE, N.A. refused and failed to apply the negotiable instruments into the instructed account for set-off with accord and

satisfaction performance, therefore breaching the contract. (See attachment labeled exhibit A).

8. Plaintiff CHRISTIAN HERNANDEZ agent, Hernandez, Christian-F, tendered negotiable instruments for a second time to defendant CAPITAL ONE, N.A. in the cash-equivalent of Twenty One Thousand One Hundred Sixty Five and 84/100 Dollars ($21,165.84) on April 23, 2024, notice of instruction dated April 22, 2024. (See attachments labeled Exhibit C,D,J & M-N).

9. The defendant CAPITAL ONE, N.A. received instruction pertaining to the plaintiff CHRISTIAN HERNANDEZ balance and where to transfer the plaintiff CHRISTIAN HERNANDEZ balance within 5 business days from return receipt. (See attachment labeled Exhibit C&J)

10. The defendant CAPITAL ONE, N.A. continued to refuse and failed to carry out the accord and satisfaction performance. (See attachment labeled Exhibit E).

11. Plaintiff CHRISTIAN HERNANDEZ agent, Hernandez, Christian-F tendered a negotiable instrument for a second time for the month of May, 2024 in the cash-equivalent to Seven Hundred Forty Three and 2/100 Dollars ($743.02) to defendant CAPITAL ONE, N.A. on May 07, 2024, sent to, P.O. Box 1330, Charlotte, North Carolina, 28201 as stated in page 4 of Exhibit A. (See attachment labeled Exhibit A,F & N).

12. The defendant CAPITAL ONE, N.A. received instruction pertaining to plaintiff CHRISTIAN HERNANDEZ balance and where to transfer the plaintiff CHRISTIAN HERNANDEZ balance within 3 business days of return receipt. (See attachment labeled Exhibit F&I).

13. The defendant CAPITAL ONE, N.A. once again refused and failed to carry out the accord and satisfaction performance per the contract. (See attachment labeled Exhibit A&G).

14. The plaintiff CHRISTIAN HERNANDEZ agent, Hernandez, Christian-F sent a second attempt notice to defendant CAPITAL ONE, N.A. at P.O. Box 1330, Charlotte, North Carolina, 28201 on May 28, 2024. (See attachment labeled Exhibit H).

15. The defendant CAPITAL ONE, N.A. received instruction pertaining to the plaintiff CHRISTIAN HERNANDEZ balance and where to transfer the plaintiff CHRISTIAN HERNANDEZ balance within 3 business days of return receipt. (See attachment labeled Exhibit H&L).

16. The defendant CAPITAL ONE, N.A. once again refused and failed to carry out the accord and satisfaction performance per the contract.

17. The plaintiffs agent also tendered another negotiable instrument in the amount of Seven Hundred Sixty Two and 18/100 Dollars ($762.18) to the defendants Indenture Trustee, THE BANK OF NEW YORK MELLON TRUST CO.

located at 700 South Flower Street, Suite 500, Los Angeles, California 90017 in which it was sent back with a label saying, "Return to Sender, Unable to Forward" stamped from the USPS. (See attachment labeled Exhibit R & T)

18. Last but not least plaintiff CHRISTIAN HERNANDEZ's agent, Hernandez, Christian-F tendered two final negotiable instruments on behalf of plaintiff CHRISTIAN HERNANDEZ to defendant CAPITAL ONE, N.A. one in the amount of Seven Hundred Sixty Two and 18/100 Dollars ($762.18) that was returned from sending it to the indenture trustee and another in the amount of Seven Hundred Eighty One and 19/100 Dollars ($781.19) located at 1680 Capital One Drive, McLean Virginia, 22102 giving defendant CAPITAL ONE, N.A. 5 business days of return receipt to follow instruction and apply the tendered negotiable instruments into plaintiff CHRISTIAN HERNANDEZ's account. (See attachments labeled Exhibit R, S, U, & V).

19. The defendant CAPITAL ONE, N.A. once again refused and failed to carry out the accord and satisfaction performance per the contract. (See attachment labeled Exhibit S).

20. Pursuant to page 4 of the contract under, "**Items With Restrictive Words, Conditions, or Instructions**" it states, "You must mail all *Items* bearing restrictive words, conditions, limitations, or special instructions to: Capital One, P.O. Box 1330, Charlotte, North Carolina 28201-1330. This includes *Items* marked "Paid in Full" or

similar language. This also includes all accompanying communications. If you make such a payment or send any accompanying communication to any other address, we may reject it and return it to you. We may also accept it and process it without losing any of our rights." Additionally, on page 6 of the contract it states the definition of the word "Item" means any check, draft, money order or other negotiable instrument you use to pay your account. This includes any image of these instruments. This does not include an *Access Check*. The definition of "Access Check" states, "Means any check we send to you to access credit from your *Account*. We may also refer to an Access Check as a "convenience check" or a "purchase check".

21. Due to these acts the Defendant CAPITAL ONE, N.A. clearly breached the contract because the defendant did not apply the tendered negotiable instruments to plaintiff CHRISTIAN HERNANDEZ's account how the defendant CAPITAL ONE, N.A. was supposed to.

22. Due to the Defendant CAPITAL ONE, N.A. never returning the negotiable instruments to plaintiff CHRISTIAN HERNANDEZ, indicates that it is in fact an acceptance by defendant CAPITAL ONE, N.A.

23. Due to defendant CAPITAL ONE, N.A. accepting the negotiable instruments in the cash-equivalent of Forty Two Thousand Three Hundred Thirty One and 68/100 Dollars ($42,331.68) and also taking additional fiat currency

totaling an amount of Eleven Thousand Four Hundred Forty Seven and 93/100 Dollars ($11,447.93) adding up to a total complete payment of Fifty Three Thousand Seven Hundred Seventy Nine and 61/100 Dollars ($53,779.61) on an account balance of Twenty Two Thousand Seven Hundred Nine and 21/100 ($22,709.21) the books are considered unbalanced, causing defendant CAPITAL ONE, N.A. to be in violation of 15 USC 1615(a)(1)(2). 15 USC 1615(a)(1)(2),

**(a) PROMPT REFUND OF UNEARNED INTEREST REQUIRED**

**(1) IN GENERAL** If a consumer prepays in full the financed amount under any consumer credit transaction, the creditor shall promptly refund any unearned portion of the interest charge to the consumer.

**(2) EXCEPTION FOR REFUND OF DE MINIMUS [1] AMOUNT**

No refund shall be required under paragraph (1) with respect to the prepayment of any consumer credit transaction if the total amount of the refund would be less than $1. (See attachments labeled Exhibit M-N, R & S)

## DAMAGES

24. Plaintiff CHRISTIAN HERNANDEZ was deprived of the goods from the credit sale.

25. Due to the defendant CAPITAL ONE, N.A. refusing and failing to follow instruction in applying the negotiable instrument(s) to the plaintiff CHRISTIAN

HERNANDEZ's account, caused the account to be OVERDUE. (See attachment labeled Exhibit Q & S).

26. The defendant CAPITAL ONE, N.A. continuing refusal and failing to follow instruction caused the plaintiffs account to be CHARGED OFF. (See attachment labeled Exhibit Q)

27. Had defendant CAPITAL ONE, N.A. followed instruction and applied the tendered negotiable instruments into plaintiffs account per the contract, the plaintiffs account would've never been overdue and charged off.

28. Due to the defendant CAPITAL ONE, N.A. willfully and knowingly not applying the tendered negotiable instruments into the plaintiff CHRISTIAN HERNANDEZ's account and reporting to the consumer reporting agencies false and inaccurate information, claiming that plaintiff CHRISTIAN HERNANDEZ had not been making "on-time payments" caused a significant decrease in plaintiff CHRISTIAN HERNANDEZ credit score, making it seem as though plaintiff CHRISTIAN HERNANDEZ is financially irresponsible. (See attachment labeled Exhibit Q).

29. Had defendant CAPITAL ONE, N.A. applied the tendered negotiable instruments into plaintiff CHRISTIAN HERNANDEZ's account per the contract, the plaintiff CHRISTIAN HERNANDEZ's credit score would not have dropped significantly.

30. Due to plaintiff CHRISTIAN HERNANDEZ's agent, Hernandez, Christian-F tendering negotiable instruments to defendant CAPITAL ONE, N.A. for the full amount, the defendant CAPITAL ONE, N.A. willfully and knowingly reported to the consumer reporting agencies false and inaccurate information. (See attachment labeled Exhibit Q).

**Wherefor, the Plaintiff CHRISTIAN HERNANDEZ hereby respectfully requests from the court to**

31. Order defendant CAPITAL ONE, N.A. special performance of the contract in the amount of Twenty Two Thousand Seven Hundred Nine and 21/100 Dollars ($22,709.21) and adjustment of the account. (See attachments labeled Exhibit M-N, R & S).

32. Require that the defendant CAPITAL ONE, N.A. revert back the unearned interest to plaintiff CHRISTIAN HERNANDEZ in the amount of Thirty One Thousand Seventy and 40/100 Dollars ($31,070.40) through the opening of a new credit card account, as this would be in the best interest for the principal/plaintiff CHRISTIAN HERNANDEZ. (See attachment(s) labeled Exhibit M-N, R & S).

33. Order that the defendant CAPITAL ONE, N.A. be held liable to the plaintiff CHRISTIAN HERNANDEZ in the amount of One Thousand Dollars and 0/100 Dollars ($1,000.00) for willfully and knowingly reporting false and inaccurate

information to the consumer reporting agencies pursuant to 15 USC 1681n(a)(1)(A),

**(a) IN GENERAL**

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

**(1)(A)** any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000;

34. Require that the Defendant CAPITAL ONE, N.A. adjust the plaintiff CHRISTIAN HERNANDEZ's consumer report.

35. Award the plaintiff CHRISTIAN HERNANDEZ costs incurred in this action.

36. Order that the defendant CAPITAL ONE, N.A. be responsible for attorneys fees in the amount of Three Thousand Five Hundred Dollars ($3,500.00).

37. Order that the Defendant CAPITAL ONE, N.A. be responsible for the cost of the administrative process in the amount of Twenty Nine and 77/100 Dollars ($29.77) (See attachment labeled Exhibit D,O&I).

38. As well as whatever the court deems appropriate and just.

Date: 12/20/2024

Plaintiff Signature: Christian-Fernando: Hernandez

Without Prejudice

## NOTARY PUBLIC

State: Oklahoma

County: Stephens

Subscribed and sworn to before me this 12th Month: 20 Day: 2024: CurrentEra

My Commission expires: 03-22-2026

Notary Public Written Signature: Terri Renfro

Seal: 

TERRIE RENFRO
Notary Public in and for
STATE OF OKLAHOMA
Commission #18002981
Expires: 22 Mar 2026

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 20, 2024, he caused a true and correct copy of the above and foregoing instrument to be deposited into the U.S. Mails, all postage prepaid thereon,

Addressed to:
David H. Herrold, Attorney for defendant CAPITAL ONE, N.A.
BURKE BOGDANOWICZ PLLC
1201 Elm Street, Suite 4000
Dallas, Texas 75270

*Christian-Fernando: Hernandez*

**Christian-Fernando: Hernandez**

**Without Prejudice**