UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTIAN HERNANDEZ**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**CAPITAL ONE, N.A.**, )<br>)<br>Defendant. ) | **Case No.: CIV-24-01244-JD** |

### DEFENDANT CAPITAL ONE, N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Capital One, N.A. ("Capital One") hereby moves for an order dismissing, without leave to amend, the First Amended Complaint ("FAC") filed by Plaintiff Christian Hernandez ("Plaintiff") for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

Plaintiff claims that the balance on his Capital One credit card account was subject to a "set-off" because he tendered to Capital One "negotiable instruments," which were merely letters demanding that his account balance be eliminated without payment. To the

contrary, the exhibits attached to the original Complaint[1] and FAC[2] unequivocally establish that Plaintiff did not make timely payments on his Account in "U.S. dollars from a U.S. deposit account in a form acceptable to [Capital One]," as prescribed by the governing contract, such that Plaintiff breached the contract, and Capital One was ***expressly permitted by contract*** to find that Plaintiff was in default, report to the Consumer Reporting Agencies as such, and suspend his account.

As such, the Court should not grant leave to amend because there exist no facts or evidence that can support Plaintiff's claims against Capital One, and no number of amendments can change the fact that Capital One acted in strict compliance with the Agreement. Accordingly, Capital One respectfully requests that the Court grant this Motion to Dismiss Plaintiff's Complaint in its entirety, without leave to amend.

## II. SUMMARY OF RELEVANT FACTS

On October 2, 2019, Plaintiff opened a credit card account ("Account") with Capital One, which is governed by the operative Capital One Customer Agreement ("Agreement").

---

[1] It is well-settled that, in resolving a Rule 12(b)(6) motion, courts may rely on "documents incorporated by reference in the complaint" as well as "documents referred to in and central to the complaint, when no party disputes its authenticity." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). In the FAC, Plaintiff extensively refers to Exhibits A-O, which were attached to the Original Complaint but not to the FAC. [FAC at ¶¶ 4-15, 37.] Accordingly, Plaintiff has incorporated these exhibits by reference into his live pleading, without disputing their authenticity. Moreover, these exhibits form the basis of Plaintiff's claims made in the FAC and are central to the pleading. Thus, this Court may consider Exhibits A-O within the context of the instant motion.

[2] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Here, Exhibits P-V, attached to the FAC, may also be considered in a Rule 12(b)(6) analysis and do not convert the motion to one under Federal Rule of Civil Procedure 56. *See Galbraith v. Okla. Dept. of Corrections*, CIV-20-573-J, 2021 WL 607093, at *4 (W.D.Okla., Jan. 20, 2021) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

[FAC at ¶ 4; Original Complaint ("Compl."), Ex. A.] On March 27, 2024, Plaintiff attempted to avoid paying the Account balance by claiming that "negotiable instruments," which merely constituted a letter to Capital One, caused a "set-off" of the balance. [FAC at ¶¶ 5, 6; Compl., Ex. B.] From April 22, 2024 to May 28, 2024, Plaintiff made substantially similar attempts. [FAC at ¶¶ 8, 9, 11, 12, 14, 15, 18; Compl., Exs. C, F, H, U.] In response, in May 2024, Capital One twice informed Plaintiff that his request could not be approved because he was trying to add himself as an individual with Power of Attorney to the Account for which he was already the primary account holder. [Compl., Exs. E and G.] Plaintiff made his last payment on the Account in or about November 2023. [Compl., Ex. M at pp. 49-53 and Ex. N; FAC, Exs. R and S.]

## III.   ARGUMENT

### A.   *Applicable Legal Standard.*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). "All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Id.* However, legal conclusions need not be accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, when pleading, a plaintiff's obligation "requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007); *see also Ashcroft*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."). Furthermore, courts will not assume that a plaintiff "can prove facts that [he or she has] not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, federal courts are lenient towards pro se litigants and are directed to construe "inartful pleading" by parties appearing pro se liberally. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Jackson v. Integra, Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991) ("We construe a pro se litigant's pleadings liberally."). Nonetheless, a pro se complaint is still subject to federal jurisprudence, and such complaints are regularly dismissed pursuant to Rule 12(b)(6) motions. *See, e.g., Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (affirming dismissal of pro se plaintiff's claims); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a pro se complaint can be dismissed for "failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

   **B.** ***Plaintiff Has Failed to Plead Sufficient Facts Regarding his Contractual Performance, Capital One's Breach, and Damages Incurred.***

"The elements of a breach of contract action are: (1) formation of a contract; (2) breach of the contract; and (3) damages as a result of that breach." *Morgan v. State Farm Mut. Auto. Ins. Co.*, 488 P.3d 743, 748 (Okla. 2021); *see also Tufaro v. Okla. ex rel. Bd. of*

4

*Regents of the Univ. of Okla.*, 107 F.4th 1121, 1132 (10th Cir. 2024). "A breach of a contract occurs when a party fails to perform a duty arising under or imposed by agreement." *Tufaro*, 107 F.4th at 1132.

Here, the Agreement is unequivocable with regards to Plaintiff's contractual obligation to pay the amounts due on the Account and the manner by which such payment may be made:

- "You promise to pay us all amounts due on your *Account*." [FAC at ¶ 4; Compl., Ex. A at p. 2.]
- "You must pay us at least the minimum payment amount by the payment due date." [*Id.* at p. 3.]
- "Your payment must be made in U.S. dollars from a U.S. deposit account in a form acceptable to us." [*Id.*]

Plaintiff claims that Capital One was required to apply his purported negotiable instruments to the balance of his Account. However, the purported negotiable instruments are merely letters, without any monetary value, demanding that Capital One eliminate his Account balance. Capital One twice informed Plaintiff that his request could not be approved because he was trying to add himself as an individual with Power of Attorney to the Account for which he was already the primary account holder. Plainly put, Plaintiff stopped making any real payments on the Account after November 2023 and attempted, in bad faith, to avoid paying his debt with legally fictitious and incoherent instruments. Accordingly, Capital One determined that Plaintiff had failed to make timely payments and ultimately was in default per the following provisions of the Agreement:

- "You will be in default if: (1) you do not make any payment when it is due; (2) any payment you make is rejected, not paid or cannot be processed; . . . (5) you are unable or unwilling to pay your obligations . . . ;

5

(7) you do not comply with any term of this Agreement or any other agreement with us." [FAC at ¶ 4; Compl., Ex. A at p. 4.]

- "If you are in default, . . . we may take the following actions . . . (2) close or suspend your Account; . . . (4) demand that you immediately pay the total balance owing on your Account; (5) continue to charge you Interest Charges and Fees as long as your balance remains outstanding." [*Id*.]

In other words, not only has Plaintiff failed to state a claim upon which relief may be granted, but Capital One was *expressly permitted by contract* to find that Plaintiff was in default, report to the Consumer Reporting Agencies as such, and suspend his account.

### C.   *The Court Should not Grant Leave to Amend Because the Pleading Defects Are not Curable by Amendment.*

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend a party's complaint "shall be freely given when justice so requires." "Our case law establishes a limitation to this principle: the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[A] court may dismiss *sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.").

Here, as discussed above, Plaintiff was clearly attempting to avoid paying his debt, and Capital One was explicitly entitled, pursuant to the Agreement, to find that Plaintiff was in default. Simply put, there exist no facts or evidence that can support Plaintiff's claims against Capital One, no number of amendments can change the fact that Capital One acted in strict compliance with the Agreement, no amendment will ever cure the other

pleading defects discussed herein, and no number of inferences, reasonably drawn from any current or future allegations even in a light most favorable to Plaintiff, can lead to Plaintiff's surviving a Rule 12(b)(6) motion. Granting Plaintiff leave to amend would only lead to an exercise in futility and cause an unnecessary expenditure of time, effort, and resources on part of both parties and the Court.

## IV.    CONCLUSION

Based on the foregoing reasons, Capital One respectfully requests that the Court grants this Motion to Dismiss Plaintiff's First Amended Complaint in its entirety, without leave to amend.

WHEREFORE, Capital One prays the Court will grant this motion and dismiss Plaintiff's FAC and this action with prejudice, and that it will grant Capital one such other and further relief deemed to be just and proper.

Dated: January 3, 2025                                                      Respectfully submitted,

*s/ David Herrold*
David H. Herrold, OBA No. 17053
BURKE BOGDANOWICZ PLLC
1201 Elm Street, Suite 4000
Dallas, Texas 75270
Tel. (214) 473-5985
E-mail: dherrold@burkebog.com

**Attorneys for Defendant,
CAPITAL ONE, N.A.**

CERTIFICATE OF SERVICE

The undersigned certifies that on January 3, 2025, he caused a true and correct copy of the above and foregoing instrument to be deposited into the U.S. Mails, all postage prepaid thereon, addressed to:

Christian Hernandez, *pro se*
176804 Lakeside Drive
Duncan, OK 73533

*s/ David Herrold*