## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTIAN HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-01244-JD |
| | ) | |
| CAPITAL ONE, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendant Capital One, N.A.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint ("Motion"). [Doc. No. 14]. Plaintiff Christian Hernandez filed an Opposition to Motion to Dismiss ("Response"). [Doc. No. 15].[1] For the reasons outlined below, the Court grants Defendant's Motion.

## I.    BACKGROUND

Beginning on October 2, 2019, Plaintiff had a credit card account with Defendant, subject to a contract sent to Plaintiff by Defendant. [Doc. No. 12 ¶ 4, Doc. No. 1-2 at 8].[2] Plaintiff alleges that he "tendered negotiable instruments" to Defendant in order to pay

---

[1] Although Plaintiff filed a "Notice of No Response to Opposition to Motion to Dismiss," [Doc. No. 16], a reply is not required. *See* LCvR7.1(h) ("Reply briefs are optional and not encouraged."). Thus, Defendant was not required to file anything in response to Plaintiff's opposition to its Motion.

[2] Plaintiff incorporates by reference the exhibits attached to his original complaint. [*See, e.g.*, Doc. No. 12 ¶ 4 (referencing Exhibit A to Plaintiff's original complaint)]. Plaintiff also references the contract throughout the Amended Complaint. [*See, e.g.*, *id.* ¶¶ 5, 11, 20]. The Court uses CM/ECF page numbering from the top of docket filings in this order.

the balance on his account. [Doc. No. 12 ¶¶ 5, 8, 11, 14, 17, 18]. Plaintiff states he tendered negotiable instruments to Defendant on March 27, 2024, April 22, 2024, May 7, 2024, May 28, 2024, and July 17, 2024, and that Plaintiff gave Defendant instructions "pertaining to [Plaintiff's] balance and where to transfer [Plaintiff's] balance." [*Id.* ¶¶ 5, 6 8, 9, 11, 12, 14, 15, 17, 18; Doc. No. 12-6]. Plaintiff, proceeding *pro se*, filed this action claiming Defendant breached its contract with Plaintiff by failing to apply the tendered negotiable instruments to Plaintiff's account. [Doc. No. 12 ¶ 21].

Defendant moves to dismiss Plaintiff's breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Doc. No. 14 at 1]. Defendant argues that it was not entitled to accept Plaintiff's alleged "negotiable instruments" because "the purported negotiable instruments are merely letters, without any monetary value, demanding that Capital One eliminate his Account balance." [*Id.* at 5]. Accordingly, Defendant states the contract expressly permitted Defendant to find that Plaintiff was in default. [*Id.* at 5–6].

## II.    <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a

defendant's liability" will not suffice. *Id.* (internal quotation marks and citations omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under this standard, the Court accepts all well-pled factual allegations as true and views the allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not entitled to the assumption of truth, and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Because Plaintiff is proceeding *pro se*, the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)). However, the Court may not "assume the role of advocate for the pro se litigant." *Id.* If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

Nonetheless, Plaintiff must follow the Federal Rules of Civil Procedure, which govern other litigants in civil actions pending in federal court. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that *pro se* parties must follow the same rules as other litigants). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and

3

searching the record." *Id.* Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

## III.    <u>ANALYSIS</u>

To state a claim for breach of contract, Plaintiff needs to allege facts demonstrating 1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach. *Digit. Design Grp., Inc. v. Info. Builders, Inc.*, 2001 OK 21, ¶ 33, 24 P.3d 834, 843. Plaintiff asserts Defendant breached the contract by not applying the negotiable instruments to Plaintiff's account balance. [Doc. No. 12 ¶ 21]. Defendant contests that it breached the contract because Plaintiff never tendered acceptable form of payment. [Doc. No. 14 at 5].

The contract provides that "[y]our payment must be made in U.S. dollars from a U.S. deposit account in a form acceptable to us." [Doc. No. 1-2 at 12]. Accordingly, the contract authorizes Defendant to reject Plaintiff's form of payment since it was not in a form acceptable to Defendant.

The Court agrees with Defendant that Plaintiff's alleged negotiable instruments were "incoherent." [*See* Doc. No. 14 at 5]. The alleged negotiable instruments contain language such as "I hereby instruct Andrew M. Young (CFO) to apply the Principals balance to the Principals Account number 5178059530907204 to set-off and open the account back up as I had received a letter dated March 11, 2024 stating CAPITAL ONE

N.A. had closed the account." [Doc. No. 1-2 at 16]. The other negotiable instruments contain similar language. [*See* Doc. No. 1-2 at 19, 23, 26].

The Court, therefore, concludes Plaintiff has failed to plead facts demonstrating Defendant breached the contract by refusing to apply Plaintiff's alleged negotiable instruments to Plaintiff's account balance. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted and dismissal is appropriate.

To the extent Plaintiff's Amended Complaint alleges causes of action beyond breach of contract, the Court dismisses those claims *sua sponte*. The Court is able to issue a "*sua sponte* dismissal of a meritless complaint." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). Plaintiff's Amended Complaint makes cursory reference to 15 U.S.C. § 1615, which is a provision of the Consumer Credit Protection Act. [Doc. No. 12 ¶ 23]. Although Plaintiff's exact allegations under this section are unclear, Plaintiff has not alleged facts entitling him to relief under the referenced section because the explicit text of the statute requires that "a consumer prepays in full the financed amount under any consumer credit transaction." 15 U.S.C. § 1615(a)(1). Plaintiff's Amended Complaint lacks allegations that he prepaid in full the financed amount. Accordingly, to the extent Plaintiff's Amended Complaint alleges a claim under 15 U.S.C. § 1615, Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff's Response references other provisions under both federal and Virginia law. [*See, e.g.*, Doc. No. 15 at 3–6]. As detailed above, the Court's role upon a motion to dismiss is to examine the sufficiency of the pleadings. Therefore, the Court cannot consider claims asserted for the first time in Plaintiff's Response.

The Court determines that dismissal with prejudice is appropriate because amendment of Plaintiff's claims is futile. Under the facts alleged by Plaintiff, the Court does not perceive a cause of action that Plaintiff could successfully plead. *See Curley*, 246 F.3d at 1284 (holding that where "amendment would be futile," the court may dismiss a claim with prejudice).

## IV.    <u>CONCLUSION</u>

For the reasons outlined above, the Court GRANTS Defendant's Motion and DISMISSES Plaintiff's complaint with prejudice. A separate judgment will follow.

IT IS SO ORDERED this 27th day of May 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE